STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Colin.Sampson@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO CR 20-321 EMC-2 |
|     Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
|   v. | |
| YONG HENG LIANG, a/k/a Colin Liang, | Sentencing Date: March 9, 2022 |
|     Defendant. | |

## I.    INTRODUCTION

Defendant's tire recycling business exported scrap tires to countries in Asia. In late 2014, he met with codefendant Dale Behm, the General Manager of The Pacific Rim Traders, LLC ("Pacific Rim"), to discuss a lucrative opportunity to use the export documentation (bills of lading) for scrap tires as part of Pacific Rim's claims for refund of customs duties. Ultimately, the conspiracy involved numerous other players, including codefendants Joshua Stanka, Joshua Clark, and Michael Choy, in forging Liang's export paperwork to make Defendant's used tires appear to be commercially valuable plastics eligible for refund of customs duties, also known as a "drawback." Defendant has now pleaded guilty,

pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B), to one count of Conspiracy to File False Claims, which carries a ten-year maximum sentence and a $250,000 maximum fine. For the reasons that follow, Defendant has accepted responsibility for his role in the offense, and the government respectfully requests a sentence of thirty-seven months and a $25,000 fine.

## II.     INDICTMENT AND PLEA

In August 2020, a grand jury sitting in the Northern District of California returned a forty-three-count Indictment against Defendant Yong Heng Liang and four others. See ECF No. 1. Count One charged all defendants with Conspiracy to File False Claims, Counts Two through Sixteen charged all defendants with False Claims, Counts Seventeen through Twenty-Eight charged all defendant with Wire Fraud, and Counts Twenty-Nine through Thirty charged Defendant with Mail Fraud, Counts Thirty-Nine through Forty and Forty-One charged Defendant and others with International Money Laundering, and Count Forty-Three charged Defendant with Falsification of Records to Obstruct Investigations. The Conspiracy, False Claims, Wire Fraud, International Money Laundering, and Obstruction counts all related to Defendant's participation in the scheme to submit false claims for drawbacks based on bills of lading provided by Defendant. Defendant pleaded guilty to one count (Count One) of Conspiracy to File False Claims in May 2021, accompanied by a robust fact proffer accepting responsibility for his role in the scheme.

## III.    UNITED STATES SENTENCING GUIDELINES PROVISIONS

### A.     Fraud Loss

The parties agree that the fraud loss is at least **$9,500,000**. Agents conducted exhaustive analysis of bills of lading that Defendant sold to Choy and that were fraudulently included in the drawback claims of The Pacific Rim Traders, LLC and other clients of Trans Pacific Polymers, TPP Export America, LLC, and Hammer Trading, LLC. All of The Pacific Rim Trader's $7,200,000 in paid-out drawback claims from late 2014 through 2017 were based on bills of lading provided by Defendant, as well as millions of dollars paid out to at least two other clients of members of the conspiracy. Pursuant to U.S.S.G. §§ 2B1.1(a)(2) and (b)(1)(K), the base offense level for Defendant's wire and mail fraud convictions with a loss above $9,500,000 and under $25,000,000, is 26.

//

### B. Minor Role

The parties agree that Defendant's conduct should be considered in the context of the broader scheme to defraud the United States. Although defendant's bills of lading were the keystone to integral to the drawback scheme, Defendant was paid a flat rate for the bills of lading and did not share further in the massive drawbacks paid out by the government to Pacific Rim Traders, and distributed amongst codefendants Stanka, Clark, and Choy. As a result, the parties agree that Defendant's conduct fits the definition laid out in U.S.S.G. § 3B1.2, Cmt. n.5 (applying the two-point reduction for a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal.").

### C. The Applicable Sentencing Range

At **Offense Level 21**, the applicable range for incarceration is **37 to 46 months**.

### D. Restitution: The Parties' Restitution Calculation

Defendant was found guilty of violating 18 U.S.C. § 286, which is covered by the Mandatory Victim Restitution Act of 1996, 18 U.S.C. §§ 3663A(b)(1)(B)(ii). This statute provides that restitution is mandatory when a defendant has been convicted of certain enumerated offenses. 18 U.S.C. § 3663A(a). The enumerated offenses include any Title 18 offense against property, including any offense committed by fraud or deceit. 18 U.S.C. § 3663A(c). Defendant's conspiracy to defraud by false claims conviction is a Title 18 offenses against property, and was committed by fraud or deceit.

The parties have agreed that the appropriate calculation of Defendant's restitution to the United States should be **$536,899**. On information and belief, Defendant has resolved legal claims of a shipping company that incurred costs related to demurrage and destruction of tires exported by Defendant's company to South Korea.

### E. The Fine Range

The offense of conviction carries a maximum fine of $250,000. A low-Guidelines fine is appropriate for the lucrative, greed-based offense against the government charged in the Indictment. **$25,000**, which is near the low-end of the Guidelines fine for Offense Level 21 ($15,000 to $150,000), is appropriate for all the reasons argued in this Memorandum.

//

**IV.     18 U.S.C. § 3553(a)**

Section 3553(a)'s factors also support the government's recommended sentence of 37 months' imprisonment because Defendant committed his crimes over two and a half years, causing losses of millions of dollars and profiting over half of a million dollars personally.

District courts are to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the Sentencing Reform Act.  *See* 18 U.S.C. § 3553(a).  In so doing, the courts are to consider, among other things: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any pertinent policy statement; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  *Id.*  While all of the Section 3553(a) factors should be considered, the government highlights a few that are particularly important in this case.

### A.     Seriousness of the Offense

The offense at issue here is serious.  Defendant knew that his export bills of lading would be used for false drawback claims for plastics, and sold each one for thousands of dollars on to Michael Choy and ultimately Pacific Rim Traders, LLC and other clients of his coconspirators.  Moreover, financial crimes are difficult to investigate and are costly and difficult to prosecute.  Here, as with many frauds on the government, multiple agencies assisted in the investigation and prosecution.  A significant amount of time and resources of the DHS and IRS were necessary for the investigation and prosecution of this case as it was a particularly brazen fraud with numerous individuals, companies, and countries involved.  As with all sentencings, the sentence imposed upon Defendant should reflect the seriousness of the crime as reflected through the agreed loss to the government as a result of the offense.

### B.     General and Specific Deterrence – Respect for the Law

The government's recommended sentence of 37 months of imprisonment is necessary to afford

adequate specific deterrence against future crimes to Defendant and general deterrence to the community.  General deterrence is one of the prescribed goals of every sentencing, *United States v. Pugh*, 515 F.3d 1179, 1194 (11th Cir. 2008), but it occupies an especially important role in sentencing for fraud offenses, because prosecutions of white-collar crime and government fraud are relatively rare and noticed by other members of the industry involved. The admonition of the Court of Appeals in *United States v. Ture* applies aptly: "the goal of deterrence rings hollow if a prison sentence is not imposed in this case."  450 F.3d 352, 358 (8th Cir. 2006). A Guidelines sentence would be sufficient, but not more than necessary to accomplish this goal.  Likewise, a below-Guidelines sentence for the crime of conviction could send the wrong public message and certainly would not fulfill the need for deterrence.  Instead, it would foster a belief that fraud against the government is not serious, and when caught, are not punished like other crimes.

### C. Avoidance of Sentencing Disparities

The Court should enter a deterrent, low-range (based on an Adjusted Offense Level of 21) sentence of imprisonment of **37 months**.  Title 18, U.S.C. § 3553(a)(1), requires that "the nature and circumstances of the offense" be considered in sentencing and that sentence imposed provide "adequate deterrence."  As detailed above, Defendant participated in the conspiracy and scheme by selling the export documentation of his business to individuals that would fraudulently use them to obtain drawbacks from the government.  The best way to ensure that Defendant's sentence is not disparate from those convicted of similar fraud crimes throughout the country is to sentence him to a period of incarceration within the applicable Guidelines range.

### V. CONCLUSION

For approximately three years, Defendant participated in the scheme to defraud the United States by providing his export documentation for scrap tires to Michael Choy to be forged into documentation in order to paper over a massive export fraud scheme that deprived the United States of eight figures of customs duty revenues.  A 37-month term of incarceration followed by three years of supervised release,

//

and a fine of $25,000 pursuant to U.S.S.G. § 5E1.2 (2014), and a $100 Special Assessment, is sufficient but no greater than necessary to address the conduct and comply with the sentencing goals laid out in Title 18.

                                                Respectfully submitted,

                                                STEPHANIE M. HINDS
                                                United States Attorney

Dated: March 2, 2022.                */s/ Colin Sampson*
                                                COLIN SAMPSON
                                                Assistant United States Attorney